FILED
United States Court of Appeals
Tenth Circuit

June 15, 2026

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

ANDRIA BORSODY,

    Plaintiff - Appellant,

v.

FRONTIER HERITAGE
COMMUNITIES,

    Defendant - Appellee.

No. 25-3205
(D.C. No. 2:25-CV-02168-JAR-ADM)
(D. Kan.)

_____

## ORDER AND JUDGMENT*
_____

Before **HARTZ**, **MATHESON**, and **ROSSMAN**, Circuit Judges.
_____

Andria Borsody filed a *pro se* complaint against her former employer, Frontier Heritage Communities, alleging claims under Title VII and the Americans with Disabilities Act. The district court granted Frontier's motion to dismiss and denied Ms. Borsody's request for leave to amend her

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1. Neither party has requested oral argument, and after examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

complaint. It also denied Ms. Borsody's motions for entry of default, default judgment, and Rule 11 sanctions. Ms. Borsody, still proceeding *pro se*, now appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

**A**

In early September 2024, Ms. Borsody dual-filed a discrimination charge with the Kansas Human Rights Commission (KHRC) and the Equal Employment Opportunity Commission (EEOC).[1] She named "The Michaels Organization and its Representatives" (Michaels) as the respondent. RI.73–74. She claimed she was employed by Michaels "from June 24, 2024, to August 28, 2024." RI.73. According to Ms. Borsody, she was "subjected to . . . harassment, inadequate training, a reprimand, and terminated due to [her] disability" and "[her] sex," and was "denied a reasonable accommodation due to [her] disability and as an act of retaliation[.]" RI.74. The "Alleged Date of Incident" was "on or about July 3, 2024, to August 28, 2024." RI.73.

The EEOC issued a right-to-sue letter in January 2025, authorizing Ms. Borsody to pursue her discrimination charge against Michaels in federal district court. Two months later, in March 2025, Ms. Borsody filed

---

[1] The discrimination charge was dated August 30, 2024, but was not filed until September 3, 2024.

a *pro se* complaint in the United States District Court for the District of Kansas. She attached to her complaint a copy of the right-to-sue letter. The complaint named Frontier Heritage Communities as the defendant—not Michaels, the entity named in her dual-filed discrimination charge. Ms. Borsody asserted claims for retaliation, failure to accommodate, and wrongful termination under Title VII and the ADA.[2]

## B

In April 2025, Ms. Borsody attempted to serve Frontier's counsel with the summons and complaint. Frontier moved to dismiss under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. In its motion, Frontier noted Ms. Borsody "named the incorrect Defendant in her lawsuit," pointing out her discrimination charge was against "The Michaels Organization and its Representatives." RI.19 n.1. The district court found service deficient but granted Ms. Borsody an extension of time to serve the complaint properly. The district court thus denied Frontier's motion to dismiss under Rule 12(b)(5) without addressing whether Michaels was a proper defendant.

---

[2] Ms. Borsody's complaint incorrectly states the discrimination at issue occurred in June 2024 and that she filed her discrimination charge in July 2024. That error does not impact our disposition.

On July 7, 2025, Ms. Borsody served Frontier through its registered agent. Eleven days later, on July 18, she filed an application for entry of default under Rule 55. And then, on July 22, she moved the district court for a default judgment under Rule 55(b)(2), arguing Frontier "failed to answer or otherwise respond to [her] Employment Discrimination Complaint, despite being properly served[.]" RI.56. The district court denied Ms. Borsody's default-related requests the next day. As the district court explained, Frontier was served on July 7—so its "answer [was] not due until July 28, 2025 under Fed. R. Civ. P. 12(a)." RI.98. Ms. Borsody therefore had not shown Frontier was in default.

Frontier received an extension of its responsive pleading deadline. On August 11, 2025, the new deadline, it moved under Rule 12(b)(6) to dismiss Ms. Borsody's complaint with prejudice. According to Frontier, Ms. Borsody "failed to exhaust her administrative remedies"—a prerequisite to pursuing her federal lawsuit—because she never filed a discrimination charge with the EEOC against Frontier and never received a right-to-sue letter with respect to Frontier. RI.64. Ms. Borsody had pursued her discrimination charge against only "The Michaels Organization and its Representatives." RI.69 (quoting RI.27–28). Frontier attached a copy of Ms. Borsody's discrimination charge to its motion to dismiss.

Ms. Borsody opposed the motion. She argued "[c]ourts in the Tenth Circuit recognize that a Title VII or ADA claim may proceed against a party not named in the EEOC charge if there is a 'substantial identity' between the named entity and the defendant."[3] RI.76. Ms. Borsody insisted that "Frontier operated the property where [she] worked, under the branding and supervision of The Michaels Organization." RI.76; *see also* RI.75 (contending the discrimination charge "named 'The Michaels Organization and its Representatives,' which includes Frontier . . . as an operational entity and employer under the same corporate umbrella"). And according to Ms. Borsody, Frontier had "actual notice of the EEOC proceedings" because it "was named in substance through the operational identity of" Michaels, and its "representatives were referenced in the EEOC complaint[.]" RI.76 (bolding omitted). In the event the district court found her complaint deficient, Ms. Borsody requested leave to amend so she could "clarify the relationship between Frontier and The Michaels Organization" and "assert additional facts supporting exhaustion." RI.76.

---

[3] In support, Ms. Borsody cited "*Alford v. City of Canon City*, 2019 WL 13202842 (D. Colo. Mar. 29, 2019)." RI.76. Frontier investigated this citation and, in its reply brief, noted counsel "ha[d] searched and been unable to find the *Alford* case cited by [Ms. Borsody]." RI.79. As we will discuss, the district court confirmed no such case exists and admonished Ms. Borsody to refrain from using AI when drafting legal documents without confirming the accuracy of citations. We too have confirmed "*Alford v. City of Canon City*" is not a real case.

5

In October 2025, while Frontier's motion to dismiss was still pending, Ms. Borsody moved a second time for entry of default under Rule 55(a). In the same motion, she sought Rule 11 sanctions against Frontier for filing "recycled procedural motions" that "clearly serve[d] no purpose but delay." RI.116. This filing also included argument about the relationship between Frontier and Michaels. Ms. Borsody said her "formal onboarding, payroll, and benefits were handled by Michaels, but [she] physically worked at the Fort Leavenworth property controlled and managed by Frontier[.]" RI.117. Although "daily duties, discipline, and workplace rules were enforced by Frontier Heritage," Michaels was—at least according to Ms. Borsody— responsible for "benefits and pay[.]" RI.117. She attached "timesheets, insurance documents, counseling memos, and policy handbooks" and argued these materials "conclusively prove[d] her employment relationship with [Frontier]." RI.115; *see also* RI.119–24 (attached documents).

In November 2025, in a comprehensive consolidated order, the district court granted Frontier's motion to dismiss and denied Ms. Borsody's motion for entry of default and sanctions. The district court ruled Ms. Borsody had not exhausted her claims against Frontier because she failed to name them in her EEOC charge. "Naming a party in the EEOC charge is a fundamental aspect of the administrative process[,]" the district court explained, "because a party cannot participate in conciliation without notice." RI.149–

6

50 (internal quotation marks omitted). Under these circumstances, the district court determined Ms. Borsody's complaint could proceed only if she met "the substantial-identity test[.]" RI.150; *see Romero* v. *Union Pac. R.R.*, 615 F.2d 1303, 1311–12 (10th Cir. 1980) (holding "omission of a party's name from the EEOC charge does not automatically mandate dismissal of a subsequent action under Title VII" and listing four factors "pertinent to an evaluation of the failure to name a party before the EEOC"). In applying this test, the district court "liberally construed" Ms. Borsody's discrimination charge and "assumed as true the allegations in the [c]omplaint[.]" RI.151. Still, the district court concluded Ms. Borsody had failed to "administratively exhaust her claims against Frontier." RI.151–52.

The district court also denied Ms. Borsody's request for leave to amend her complaint. While "recogniz[ing] the general rule that pro se parties should be allowed leave to amend," the district court determined amendment would be futile in this case. RI.152–53. Ms. Borsody's "failure to exhaust as to the correct defendant [is] not curable[,]" the district court ruled. RI.153. The district court also observed Ms. Borsody "provide[d] no indication of how she could plead facts that would avoid the exhaustion defense." RI.153. In sum, the district court granted Frontier's Rule 12(b)(6) motion and dismissed Ms. Borsody's complaint without prejudice.

7

Next, the district court denied Ms. Borsody's motion for entry of default and Rule 11 sanctions. Although Ms. Borsody had argued Frontier's assertion of a procedural defense was wrongful—and merited sanctions—the district court rejected that argument as "mistaken." RI.153. The district court explained Frontier's answer was not due until 14 days after its motion to dismiss was denied. And because the district court "now granted that motion to dismiss," Frontier was not required to file an answer "at all." RI.154.

As a final matter, the district court "cautioned" Ms. Borsody "against using artificial intelligence for drafting legal documents or citing cases without confirming their accuracy." RI.154. It admonished Ms. Borsody for citing to "*Alford v. City of Canon City*"—a case the district court confirmed did not exist—and expressed "concern[] that [Ms. Borsody] relied on generative artificial intelligence in drafting her response brief." RI.154.[4]

---

[4] The same day, and before filing her notice of appeal, Ms. Borsody filed a "Notice of Objection to Judgment" identifying several "objections" to the district court's November 2025 consolidated order. *See* RI.157–59 (heading formatting omitted). Ms. Borsody asked the district court to "accept" the filing "for the docket and record," and requested "that all arguments and facts therein be considered in any subsequent appellate review." RI.159; *see also* RI.158 ("Plaintiff submits this notice to ensure these objections are preserved for the record and appellate review[.]"). The district court did not acknowledge Ms. Borsody's filing or take any action on it. And, on appeal, Ms. Borsody does not argue the district court erred in any way with respect to this filing. We therefore do not address it.

This timely appeal followed.

## II

Ms. Borsody seeks reversal. She argues the district court erred, *first*, by dismissing her complaint without prejudice under Rule 12(b)(6); *second*, by refusing to grant her leave to amend; and *third*, by denying her default-related motions and request for Rule 11 sanctions. We address these arguments in turn and discern no reversible error.

## III

### A

Ms. Borsody first contends the district court erred by dismissing her complaint under Rule 12(b)(6) for failure to exhaust administrative remedies. We cannot agree. For the reasons that follow, we endorse the district court's application of the identity-of-interest factors and conclude Ms. Borsody failed to exhaust her claims against Frontier.

### 1

"We review de novo a district court's Rule 12(b)(6) dismissal of a complaint for failure to state a claim." *Brokers' Choice of Am., Inc.* v. *NBC Universal, Inc.*, 861 F.3d 1081, 1104 (10th Cir. 2017). "To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege facts that, if true, 'state a claim to relief that is plausible on its face.'" *Clinton* v. *Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1274 (10th Cir. 2023) (quoting *Ashcroft* v. *Iqbal*,

556 U.S. 662, 678 (2009)). This plausibility standard requires the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hogan* v. *Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

"In reviewing an order granting a motion to dismiss, our role is like the district court's: we accept the well-pleaded facts alleged as true and view them in the light most favorable to the plaintiff[.]" *Clinton*, 63 F.4th at 1275. But we "need not accept '[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements[.]'" *Id.* (third alteration added) (quoting *Iqbal*, 556 U.S. at 678); *see also Brooks* v. *Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) ("An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement."). Nor do we accept "allegations plainly contradicted by properly considered documents or exhibits[.]"[5] *Clinton*, 63 F.4th at 1275.

---

[5] We generally "must restrict [our] review to only the 'allegations within the four corners of the complaint,' and cannot consider other pleadings or external allegations." *Brown* v. *City of Tulsa*, 124 F.4th 1251, 1263 (10th Cir. 2025) (quoting *Waller* v. *City & County of Denver*, 932 F.3d 1277, 1286 n.1 (10th Cir. 2019)). As relevant here, however, we may consider "documents attached to the complaint as exhibits" and "documents referenced in the complaint that are central to the plaintiff's claims, provided their authenticity is undisputed[.]" *Morphew* v. *Chaffee County*, 172 F.4th 802, 813 (10th Cir. 2026)

Finally, we remain cognizant of our obligation to liberally construe *pro se* pleadings and hold them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall* v. *Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "In practicing leniency, we will often excuse pro se plaintiffs' 'failure to cite proper legal authority,' 'confusion of various legal theories,' 'poor syntax and sentence construction,' and 'unfamiliarity with pleading requirements.'" *Johnson* v. *Reyna*, 57 F.4th 769, 775 (10th Cir. 2023) (quoting *Hall*, 935 F.2d at 1110). But we cannot "act as [Ms. Borsody]'s advocate[.]" *Greer* v. *Moon*, 83 F.4th 1283, 1292 (10th Cir. 2023); *see also Smith* v. *United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (noting we "will not supply additional factual allegations to round out" a *pro se* plaintiff's complaint "or construct a legal theory on [her] behalf" (quoting *Whitney* v. *New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997))).

**2**

A plaintiff's failure to exhaust administrative remedies before bringing a Title VII or ADA claim permits the employer to raise an

---

(quoting *Brown*, 124 F.4th at 1264). Ms. Borsody attached the right-to-sue letter to her complaint. She also referenced the right-to-sue letter and discrimination charge in her complaint. Both documents are central to her claims against Frontier, and the parties do not dispute their authenticity. The district court accordingly considered these documents in resolving Frontier's motion to dismiss. Ms. Borsody does not take issue with that on appeal. Like the district court, we also consider the right-to-sue letter and discrimination charge in evaluating the sufficiency of Ms. Borsody's complaint.

11

affirmative defense. *See Lincoln* v. *BNSF Ry. Co.*, 900 F.3d 1166, 1185 & n.10 (10th Cir. 2018) (joining the "overwhelming majority" of circuits that hold "a plaintiff's failure to exhaust administrative remedies before bringing a Title VII, ADA, or [ADEA] claim does not deprive a federal court of jurisdiction over the claim"). And "[a] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face[.]" *Jones* v. *Bock*, 549 U.S. 199, 215 (2007) (internal quotation marks omitted); *see also Cirocco* v. *McMahon*, 768 F. App'x 854, 858 (10th Cir. 2019) (unpublished) ("Although failure to exhaust is now an affirmative defense, it may be raised in a motion to dismiss when the grounds for the defense appear on the face of the complaint.").[6] "We review the district court's legal determination that a plaintiff has failed to exhaust her administrative remedies de novo." *Smith* v. *Cheyenne Ret. Invs. L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018).

Title 42 U.S.C. § 2000e-5(e)(1) establishes the administrative "prerequisites that a plaintiff must satisfy" with respect to both Title VII and ADA claims.[7] *Nat'l R.R. Passenger Corp.* v. *Morgan*, 536 U.S. 101, 109

---

[6] We may rely on unpublished decisions for their persuasive value. *United States* v. *Engles*, 779 F.3d 1161, 1162 n.1 (10th Cir. 2015) (citing 10th Cir. R. 32.1).

[7] Although § 2000e-5(e)(1) is Title VII's "charge filing provision," *Nat'l R.R. Passenger Corp.* v. *Morgan*, 536 U.S. 101, 109 (2002), the ADA incorporates "[t]he powers, remedies, and procedures set forth in . . . [§] 2000e-

(2002). When, as here, "the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief" from an unlawful employment practice, the charge must be filed "by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred[.]" 42 U.S.C. § 2000e-5(e)(1); *see also Proctor* v. *United Parcel Serv.*, 502 F.3d 1200, 1206 n.3 (10th Cir. 2007) (explaining that Kansas is a "deferral state," *i.e.*, "a state with an agency empowered to investigate employment discrimination," and so plaintiffs there have 300 days in which to file an administrative charge). "A claim is time barred if it is not filed within [this] time limit[]." *Morgan*, 536 U.S. at 109.

This timeliness requirement goes hand-in-hand with a substantive prerequisite: a plaintiff may sue only for "claims that were . . . part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue

---

5[.]" 42 U.S.C. § 12117(a). And because "Title I of the ADA . . . expressly incorporates the powers, remedies, and procedures of Title VII," we have said that "the procedural requirements of those two provisions must be construed identically." *Shikles* v. *Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1309 (10th Cir. 2005); *see also Davidson* v. *Am. Online, Inc.*, 337 F.3d 1179, 1183 (10th Cir. 2003) (observing the ADA "incorporat[es] the procedural rules of Title VII"). Cases discussing exhaustion under Title VII therefore apply to exhaustion under the ADA. We have reached a similar conclusion about Title VII cases and exhaustion under the Age Discrimination in Employment Act (ADEA). *Foster* v. *Ruhrpumpen, Inc.*, 365 F.3d 1191, 1194 n.1 (10th Cir. 2004) ("As the ADEA and Title VII have virtually identical requirements with respect to the filing of EEOC charges, Title VII cases are applicable here.").

letter." *Foster* v. *Ruhrpumpen, Inc.*, 365 F.3d 1191, 1194 (10th Cir. 2004).

Thus, a plaintiff generally "must file a charge *against a party* with the

EEOC before she can sue *that party* under Title VII" or the ADA. *Knowlton*

v. *Teltrust Phones, Inc.*, 189 F.3d 1177, 1185 (10th Cir. 1999) (emphasis

added); *see also MacKenzie* v. *City & County of Denver*, 414 F.3d 1266, 1274

(10th Cir. 2005) (explaining that a plaintiff's claim "is generally limited by

the scope of the administrative investigation that can reasonably be

expected to follow the charge of discrimination submitted to the EEOC").

We have "recognized narrow exceptions to the strict requirement that

each defendant must have been specifically named as the respondent in the

EEOC charge[.]" *Romero*, 615 F.2d at 1311. For example, "a Title VII action

may proceed against a defendant not named in the EEOC charge when

'there is a clear identity of interest between the unnamed defendant and

the party named in the administrative charge.'" *Knowlton*, 189 F.3d at 1185

(quoting *Johnson* v. *Palma*, 931 F.2d 203, 209 (10th Cir. 1991)). "This

identity-of-interest exception satisfies a Title VII purpose that the

defendant have notice of the charge and the EEOC have an opportunity to

attempt conciliation." *Id.*

We examine four factors to determine whether an identity of interest

exists: (1) "whether the role of the unnamed party could through reasonable

effort by the complainant be ascertained at the time of the filing of the

14

EEOC complaint"; (2) "whether, under the circumstances, the interests of a named [party] are so similar [to] the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings"; (3) "whether [the unnamed party's] absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party"; and (4) "whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party." *Romero*, 615 F.2d at 1311–12 (quoting *Glus* v. *G. C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1977)).

## B

Ms. Borsody argues the district court erred by dismissing her complaint based on what she calls the "EEOC [n]aming [t]echnicality." Op. Br. at 12 (bolding omitted). Ms. Borsody maintains "Frontier and Michaels share management, personnel, and operational control, satisfying the substantial identity doctrine."[8] Op. Br. at 12.

---

[8] Ms. Borsody again cites to "*Alford v. City of Canon City*," which she says "is real, published, and properly applied[,]" and claims the district court committed "factual error" by suggesting the case is "fictitious[.]" Op. Br. at 14. As explained, that case does not exist. We affirm the district court's decision to admonish Ms. Borsody and caution her to confirm the authenticity of cases before citing them in her briefing.

Frontier urges affirmance, emphasizing Ms. Borsody "did not file a charge of discrimination with the EEOC or the KHRC against Frontier" and did not "receive a right-to-sue letter regarding any charge of discrimination against Frontier." Resp. Br. at 9 (bolding omitted). Frontier walks through the identity-of-interest factors and contends Ms. Borsody fails to "provide[] sufficient allegations in support of a substantial identity of interest argument." Resp. Br. at 12. We agree with Frontier.

The allegations in Ms. Borsody's complaint do not establish a connection between Frontier and Michaels that would satisfy the identity-of-interest exception. To explain our conclusion, we endorse the district court's careful analysis of the four factors in *Romero. See* RI.151–52.

*First*, the district court found Ms. Borsody "d[id] not explain why she could not have discovered Frontier's role through reasonable diligence when she filed the charge." RI.151. *Second*, the district court could not conclude on this record "that Frontier's interests are so similar [to] Michaels' that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include Frontier in the EEOC proceedings." RI.151. The district court acknowledged Ms. Borsody's "conclusory assertion" about the parties being "part of the same 'corporate umbrella'" but observed her complaint "provides no allegations about this[.]" RI.151. *Third*, the district court dismissed as "conclusory" Ms. Borsody's assertion that Frontier was

16

not prejudiced by its absence from the EEOC proceedings. RI.151. "The fact that Frontier was unable to participate in voluntary conciliation," the district court reasoned, "and did not receive prior notice of the lawsuit against it through the EEOC charge constitutes actual prejudice." RI.151–52. *Fourth*, the district court found Ms. Borsody's complaint contained "nothing" to permit the inference that "Michaels in some way represented to [Ms. Borsody] that its relationship with [her was] to be through Frontier, or vice versa." RI.152. On appeal, Ms. Borsody fails to advance any convincing contrary argument.[9]

Because Ms. Borsody did not name Frontier in her EEOC charge and there is no clear identity of interest between Frontier and Michaels, we must affirm the district court's dismissal of Ms. Borsody's complaint for failure to exhaust her Title VII and ADA claims.

---

[9] In her reply brief, Ms. Borsody asserts for the first time "that the same defense counsel . . . has represented the Defendant(s) in this matter continuously from the earliest EEOC mediation . . . under the company Michaels" and "through the proceedings in the United States District Court under Frontier Heritage[] following through the appeal before this Court." Reply Br. at 4. "This unbroken chain of legal representation directly contradicts any suggestion of confusion, lack of notice, or corporate separation[,]" she argues, "and demonstrates the substantial identity—and close operational relationship—between The Michaels Organization and Frontier[.]" Reply Br. at 4. None of these allegations appear in Ms. Borsody's complaint. In any event, assertions "raised by an appellant for the first time on appeal in a reply brief are generally deemed waived," and so "we will not consider the arguments [Ms. Borsody] raised for the first time in h[er] reply brief." *Wheeler* v. *C.I.R.*, 521 F.3d 1289, 1291 (10th Cir. 2008).

IV

Ms. Borsody next argues the district court erred by denying her leave to amend the complaint under Rule 15(a)(2). Recall, the district court concluded amendment "would be futile because [Ms. Borsody's] deficiencies with failure to exhaust as to the correct defendant are not curable." RI.153. We cannot say amendment would necessarily be futile. But affirmance is still required because, as the district court observed, Ms. Borsody failed to explain how she would amend her complaint to show the identity-of-interest exception was satisfied.

A

"We usually review the denial of leave to amend a complaint under the abuse-of-discretion standard." *Castanon* v. *Cathey*, 976 F.3d 1136, 1144 (10th Cir. 2020). But when, as here, "a district court denies leave to amend because amendment would be futile, 'our review for abuse of discretion includes de novo review of the legal basis for the finding of futility.'" *Id.* (quoting *Miller ex rel. S.M.* v. *Bd. of Educ. of Albuquerque Pub. Schs.*, 565 F.3d 1232, 1249 (10th Cir. 2009)).

District courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Hall*, 935 F.3d at 1110 n.3 (noting *pro se* plaintiffs must have a "reasonable opportunity to remedy the defects in their pleadings"). "The liberal granting of motions for leave to amend

18

reflects the basic policy that pleadings should enable a claim to be heard on its merits." *Calderon* v. *Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999). Our "liberal policy" of permitting amendment "is not without limits." *Albers* v. *Bd. of Cnty. Comm'rs of Jefferson Cnty.*, 771 F.3d 697, 706 (10th Cir. 2014). "[E]ven though pro se parties generally should be given leave to amend, it is appropriate to dismiss without allowing amendment 'where it is obvious that the plaintiff cannot prevail on the facts [s]he has alleged and it would be futile to give [her] an opportunity to amend.'" *Knight* v. *Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) (alterations in original). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *United States ex rel. Barrick* v. *Parker-Migliorini Int'l, LLC*, 878 F.3d 1224, 1230 (10th Cir. 2017) (quoting *Barnes* v. *Harris*, 783 F.3d 1185, 1197 (10th Cir. 2015)).

As particularly relevant here, "a request for leave to amend must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment[.]" *Calderon*, 181 F.3d at 1186–87. "Without this information the district court is not required to recognize, let alone grant, a motion to amend." *Hall* v. *Witteman*, 584 F.3d 859, 868 (10th Cir. 2009). We have made clear that "a bare request to amend in response to a motion to dismiss is insufficient to place the court and opposing parties on

19

notice of the plaintiff's request to amend and the particular grounds upon which such a request would be based." *Albers*, 771 F.3d at 706.

## B

Ms. Borsody argues the district court "[v]iolated [her] [r]ights as a [p]ro [s]e [l]itigant" and "denied" her the benefit of Rule 15(a)(2)'s liberal policy. Op. Br. at 13 (bolding omitted). She claims "amendment could have resolved any naming or procedural concerns." Op. Br. at 13. In Ms. Borsody's view, "the record contains substantial evidence of operational and management overlap between" Frontier and Michaels, and "[a] modest amendment (adding more detail, clarifying naming, or supplementing with further evidence) could have easily cured any perceived deficiency and allowed for merits-based adjudication." Reply Br. at 3–4. For its part, Frontier contends "there are no facts that [Ms. Borsody] could plead that would 'cure' her failure to exhaust administrative remedies against Frontier[.]"[10] Resp. Br. at 13.

---

[10] Frontier also contends Ms. Borsody "is now out of time to file a charge of discrimination against Frontier" because more than 300 days have passed since the discriminatory conduct alleged in her complaint. Resp. Br. at 12. We agree the 300-day window for filing a discrimination charge properly naming Frontier as a respondent has long since expired. In other words, Ms. Borsody cannot simply refile a discrimination charge against Frontier. But that is beside the point when it comes to assessing whether it would be futile to grant leave to amend Ms. Borsody's complaint because there is an identity of interest between Frontier and Michaels.

Unlike the district court, we cannot say amendment would be futile. If Ms. Borsody's amended complaint plausibly established a connection between Frontier and Michaels under the identity-of-interest factors, her "complaint, as amended, would [not] be subject to dismissal." *Barrick*, 878 F.3d at 1230 (quoting *Barnes*, 783 F.3d at 1197). The real problem for Ms. Borsody—as the district court aptly observed—is she "provide[d] no indication of how she could plead facts that would avoid the exhaustion defense." RI.153. In other words, Ms. Borsody failed to explain what she would add to the complaint that would make any difference. *See Moya* v. *Garcia*, 895 F.3d 1229, 1239 (10th Cir. 2018) (concluding the district court did not abuse its discretion by denying leave to amend because plaintiffs "did not say how they could cure th[e] pleading defect" and "did not tell the district court what they could have added to" the complaint). In the district court, Ms. Borsody indicated only that amendment would allow her to "clarify the relationship between Frontier and The Michaels Organization" and "assert additional facts supporting exhaustion." RI.76. Without more, this is the kind of "bare request" we have found "insufficient" to place the district court and the opposing party on notice of "the particular grounds" for the proposed amendment. *Albers*, 771 F.3d at 706.

Accordingly, we discern no reversible error in the district court's decision to deny Ms. Borsody leave to amend her complaint.

21

## V

Finally, Ms. Borsody challenges the district court's denial of her motion for Rule 11 sanctions, motion for entry of default, and motion for default judgment.[11] We review the district court's Rule 11 determination for an abuse of discretion. *Cooter & Gell* v. *Hartmarx Corp.*, 496 U.S. 384, 405 (1990). We also review its default rulings for an abuse of discretion. *See Ashby* v. *McKenna*, 331 F.3d 1148, 1151–52 (10th Cir. 2003) (entry of default); *Bixler* v. *Foster*, 596 F.3d 751, 761 (10th Cir. 2010) (default judgment). Once again, we discern no error.

With respect to sanctions, Ms. Borsody claims she "satisfied [Rule 11's] requirements" because her motion "was filed separately, described the conduct at issue, and allowed time for correction." Op. Br. at 15. Ms. Borsody contends the district court's "denial of sanctions for lack of notice was factually incorrect and procedurally unjustified." Op. Br. at 15. But the district court did not deny Ms. Borsody's motion for sanctions on

---

[11] Although Ms. Borsody twice moved for entry of default and default judgment—first in July 2025 and then again in October 2025—the section of her opening brief arguing for reversal as to the denial of the default motions discusses only the July motions. Ms. Borsody does not identify any difference between the motions filed in July and the motions filed in October—or the district court's treatment of those motions—relevant to this appeal. Nor do we see any difference. When discussing the default motions, we discuss only the district court's denial of the July motions.

procedural grounds like "lack of notice." It denied her motion because Frontier never violated Rule 11(b).

Rule 11(b)(1) states that by filing a pleading, a party certifies "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[.]" Fed. R. Civ. P. 11(b)(1). Ms. Borsody premised her request for sanctions on her belief that Frontier's motions to dismiss "serve[d] no purpose but delay." RI.116. The district court rejected this argument, ruling Ms. Borsody was "mistaken" in characterizing Frontier's "assertion of a procedural defense" as "somehow wrongful." RI.153. Ms. Borsody does not challenge that determination on appeal. Nor could she. Nothing in the record suggests Frontier's motions to dismiss were submitted for any improper purpose. Both were timely assertions of good-faith defenses to Ms. Borsody's complaint.[12] The district court did not abuse its discretion by denying Ms. Borsody's motion for Rule 11 sanctions.

We next turn to Ms. Borsody's motions for entry of default and default judgment. She claims Frontier defaulted because it failed to file a timely

---

[12] In any event, Ms. Borsody did not satisfy Rule 11's requirements because she failed to move for sanctions "separately from any other motion[.]" FED. R. CIV. P. 11(c)(2). Ms. Borsody instead filed a combined motion for entry of default and sanctions.

answer after being served with the complaint on July 7, 2025. The district court rejected this argument, and so do we.

Frontier's motion to dismiss tolled the responsive pleading deadline. *See Marquez* v. *Cable One, Inc.*, 463 F.3d 1118, 1120 (10th Cir. 2006) (noting the filing of a Rule 12(b) motion "toll[s] the time to answer"). And once the district court granted the motion to dismiss, Frontier did not need to file an answer at all. Entry of default against Frontier "before it had any obligation to file an answer[] would have been incorrect as a matter of law." *Ashby*, 331 F.3d at 1152. Nor, by extension, could the district court have entered a default judgment. *See Choice Hospice, Inc.* v. *Axxess Tech. Sols., Inc.*, 125 F.4th 1000, 1005 n.1 (10th Cir. 2025) (explaining that a party applies for default judgment only "[a]fter default is entered"). Frontier correctly argues "it was never in default" because its motion to dismiss "was timely and procedurally proper[.]" Resp. Br. at 15. The district court did not abuse its discretion by denying Ms. Borsody's motions for entry of default and default judgment.[13]

---

[13] Ms. Borsody also contends the district court engaged in "unequal enforcement of procedural rules and judicial bias against [her] as a pro se litigant." Op. Br. at 15. She failed to preserve this argument. At no point in the district court did Ms. Borsody mention judicial bias or move for recusal. We typically would review this argument for plain error. *United States* v. *Nickl*, 427 F.3d 1286, 1297–98 (10th Cir. 2005) (reviewing judicial-bias claim for plain error because defendant did not move for recusal during trial). Because Ms. Borsody fails to request plain-error review, however, we "decline to review the

**VI**

We **AFFIRM** the district court's judgment in all respects.

Entered for the Court

Veronica S. Rossman
Circuit Judge

---

issue at all—for plain error or otherwise." *United States* v. *Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019). In any event, our independent review of the record shows the district court did not engage in unequal treatment or bias against Ms. Borsody.